IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

RICHARD DZIONARA-NORSEN,                 )
                                         )
          Petitioner,                    )
                                         )
     v.                                  )
                                         )     Civil Action No. 3:24-102
U.S. MARSHAL'S SERVICE, et al.,          )     Judge Nora Barry Fischer
                                         )     Magistrate Judge Patricia L. Dodge
          Respondents.                   )

**MEMORANDUM ORDER**

AND NOW, this 16th day of March, 2026, upon consideration of the Report and Recommendation filed by United States Magistrate Judge Patricia L. Dodge on February 11, 2025, (Docket No. 15), recommending after preservice screening that the § 2241 habeas petition and Supplement filed by Petitioner Richard Dzionara-Norsen against Respondents U.S. Marshal's Service et al. be summarily dismissed, with prejudice, as the Court lacks jurisdiction to grant Petitioner compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i) which is reserved for the sentencing court, any claim that he is entitled to release due to his allegations that the conditions at FCI Loretto are so poor that his continued confinement there was unconstitutional is moot as he was subsequently transferred to a Residential Reentry Center in Rochester, New York, and that any claims challenging his conviction or sentence must likewise be presented to the sentencing court in a § 2255 petition, and the later order by the Magistrate Judge extending the deadline for objections to March 27, 2025, (Docket No. 19), Petitioner's Objections which were timely filed on February 27, 2025, (Docket No. 20), and March 21, 2025, (Docket No. 21), the Notice of Change of Address filed by Petitioner on December 4, 2025 indicating that he had been released from BOP

1

custody at the RRC and was living at an address in Rochester, NY, (Docket No. 28), this matter having been recently reassigned to the undersigned for prompt disposition, and upon independent review of the record and de novo consideration of the Magistrate Judge's February 11, 2025 Report and Recommendation, (Docket No. 15), and the Court taking judicial notice of the Docket Report in Petitioner's criminal case at 6:19-cr-06131-FPG-MWP-1 (W.D. N.Y.), indicating that he filed a counseled § 2255 motion to vacate challenging his conviction and sentence on October 6, 2025, which remains pending in that Court, and that he is also presently subject to a petition from the Probation Office alleging that he committed violations of his supervised release, *see United States v. Dzionara-Norsen*, Crim. No. 6:19-cr-06131-FPG-MWP-1, Docket Nos. 236, 250 (W.D. N.Y. Mar. 13, 2026); *see also Grasinger v. Caterpillar, Inc.*, Civ. A. No. 21-956, 2023 WL 4846843, at *1 (W.D. Pa. July 28, 2023) (quoting *Johnson v. Allegheny Cnty.*, No. 2:14-CV-857, 2014 WL 5513769, at *2 n.2 (W.D. Pa. Oct. 31, 2014)) ("It is well established that "[t]his Court may properly take judicial notice of docket entries, documents, and opinions filed in other cases.").

IT IS HEREBY ORDERED that Petitioner's Objections [20] and [21] are OVERRULED, as any habeas claims under § 2241 are moot given his release from BOP custody and the Court agrees with the Magistrate Judge's assessment that the Court otherwise lacks jurisdiction over matters which are appropriately addressed by the sentencing court in the U.S. District Court for the Western District of New York, i.e., the prior motion for compassionate release under § 3582(c)(1)(A)(i) and the pending § 2255 petition. *see e.g.*, *Malik v. Warden Loretto FCI*, No. 23-2281, 2024 WL 3649570, at *2 (3d Cir. Aug. 5, 2024) ("Because Malik had been released to prerelease custody, his request for release to such custody was moot. […] Regardless of whether his request for an earlier transfer to supervised release was moot at the time of the Magistrate Judge's order or simply meritless because he had already received the maximum credit allowed

towards an earlier release from custody to supervised release, <u>see</u> § 3624(g)(3), such a request is moot now that Malik is on supervised release."); *Constantine v. United States*, No. 1:23-CV-22, 2023 WL 6811999, at *2 (W.D. Pa. Aug. 28, 2023), *report and recommendation adopted,* No. CV 23-22, 2023 WL 6810862 (W.D. Pa. Oct. 16, 2023) ("Since the BOP released Petitioner from its custody, there is no longer any habeas relief that this Court can provide.");

IT IS FURTHER ORDERED that the Magistrate Judge's February 11, 2025 Report and Recommendation is ADOPTED as the opinion of this Court, as supplemented herein;

IT IS FURTHER ORDERED that the claims set forth in the § 2241 Petition and Supplement (Docket Nos. 8, 14) are dismissed, with prejudice, as moot and no certificate of appealability shall issue, *see Goodloe v. Warden Lewisburg USP*, 2025 WL 342189, *1, n.1 (3d Cir. 2025) (citing *Reese v. Warden Phila. FDC*, 904 F.3d 244, 246 (3d Cir. 2018) ("a federal prisoner challenging the denial of a § 2241 petition, he need not obtain a certificate of appealability"); and,

IT IS FURTHER ORDERED that an appropriate Judgment follows.

*s/Nora Barry Fischer*
Nora Barry Fischer
Senior U.S. District Judge

cc/ecf: Magistrate Judge Patricia L. Dodge

cc:    RICHARD DZIONARA NORSEN
      926 Highland Ave.
      Rochester, NY 14260 (via first class mail)